## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY JERMAINE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1640 |
| | § | |
| JIM NICHOLSON, | § | |
| United States Secretary of Veterans Affairs, | § | |
| and HOUSTON VA MEDICAL CENTER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Johnny Jermaine Smith worked for the Department of Veterans Affairs at the Houston Veterans Administration Medical Center. He has sued his former employer under the Privacy Act, 5 U.S.C. § § 552a, *et seq.* The defendant has moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Smith must sue under the Federal Employee's Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.* (Docket Entry No. 11). Smith has filed a response with supporting affidavits. (Docket Entry No. 12).

Based on a careful review of the pleadings, the motion, the response, and the applicable law, this court denies the motion to dismiss but abates this case pending administrative review by the Department of Labor to determine whether the exclusive remedy provision of FECA applies. The reasons for this decision are set out below.

## I.    Background

1

In March 2006, Smith was employed as a Program Support Clerk for the Department of Veterans Affairs, assigned to the Michael DeBakey Medical Center Hospital in Houston, Texas.  Smith's wife worked at the same hospital.  On March 16, 2006, Smith went to work but left to obtain emergency medical care.  Smith was hospitalized and treated at the same Medical Center VA hospital where he and his wife worked.   Smith was released on March 21, 2006 and went back to work on March 27, 2006.

On March 20, 2006, while Smith's wife was in a store provided for hospital employees, she overheard two women she did not know talking about Smith's medical condition.  Smith's wife also learned that she had received multiple telephone calls at work asking about Smith's medical condition.   Smith learned that hospital employees had disclosed his medical records, without authorization.  Smith alleged and presented affidavits stating that information from his medical records was released at his workplace.  As a result, he became the subject of malicious rumors "floating around in his workplace."  (Docket Entry No. 12 at 4).   Smith alleged that as a result of the unauthorized release of his confidential medical records, he suffered physical and mental injuries, including "distress, shame, embarrassment, loss of pride, loss of enjoyment of life and emotional trauma." (Docket Entry No. 1 at 5).   Smith seeks damages and an injunction against future unauthorized release of his confidential medical information.

The defendant moves to dismiss this Privacy Act suit on the ground that Smith is alleging an injury in the hospital where he worked, from the actions of government employees, such that FECA's exclusive remedy provision applies.  Smith responds that he

2

is alleging a Privacy Act violation and injury that occurred while he was a VA hospital patient, not an employee, and that FECA does not apply.  Smith attached affidavits from himself and his wife to support his argument.

## II.     The Legal Standards

### A.      The Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.*"  Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981)).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).  When examining a factual (as opposed to a facial) challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court may consider matters outside the pleadings, such as testimony and affidavits.  *See Garcia*, 104 F.3d at 1261.

### A.      FECA

3

FECA provides compensation for "the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8112.  The statute states:

> The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is--
> (1) caused by willful misconduct of the employee;
> (2) caused by the employee's intention to bring about the injury or death of himself or of another; or
> (3) proximately caused by the intoxication of the injured employee.

5 U.S.C. § 8102(a).  FECA is the exclusive remedy for a federal employee's injuries if those injuries are within the statute's coverage.  Section 8116(c) states:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c); *see Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000); *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998).  Like other worker's compensation statutes, FECA is "intended to serve as a substitute rather than a supplement for the tort suit." *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971).

4

A federal court lacks subject-matter jurisdiction over claims covered by FECA. *See* 5 U.S.C. § 8128(b); *see also Heilman v. United States*, 731 F.2d 1104, 1110 (3d Cir.1984); *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir.1982). The Secretary has moved to dismiss on the basis that this court lacks jurisdiction because Smith's Privacy Act claim is within FECA's scope. A court must send a case to the Secretary of Labor to determine whether the claim is subject to FECA's exclusive remedy provision if there is a "substantial question" as to FECA coverage of that claim. *See Concordia v. U.S. Postal Service*, 581 F.2d 439 (5th Cir. 1978); *White*, 143 F.3d at 239. A "substantial question" exists unless the court is certain that the Secretary of Labor would find no coverage under FECA. *Horton v. United States*, 144 Fed. Appx. 931, 932 (3d Cir.2005). Unless the court finds that the outcome is certain, the court must allow the Secretary of Labor or his designee to determine FECA coverage questions that relate to the specific facts of the underlying compensation claim, such as whether the employee was injured on the job. *See* 5 U.S.C. § 8128(b); *Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir. 1990) (questions of coverage relating to the merits of the underlying compensation claim, such as whether the employee was injured on the job, must be deferred to the Secretary; questions about the scope of FECA are appropriate for the court to consider).

In *White v. United States*, 143 F.3d at 234, the Fifth Circuit reversed a district court's refusal to abate a case pending the Secretary of Labor's determination of FECA coverage. The plaintiff in that case was injured in an automobile accident occurring after work ended, but on the employer's premises. The plaintiff employee argued against FECA coverage,

contending that although the accident occurred on his employer's premises, he was no longer conducting the employer's business when he was injured. *Id.* at 236. The Fifth Circuit did not decide whether the claim was covered under the FECA. Instead, the court held that the case should be sent to the Secretary of Labor because the district court could not be "absolutely sure of what action the Secretary would take." *Id.* at 238 (citing *Concordia*, 581 F.2d 439). In reaching this result, the Fifth Circuit instructed that a district court should look to the Secretary's previous decisions to determine whether a substantial question of FECA coverage exists. *White*, 143 F.3d at 237 (giving recent administrative agency decisions on FECA coverage precedence over a previous Fifth Circuit decision involving similar facts); *see also DiPippa,* 687 F.2d at 16 ("In deference to such authority, this court has held that where a 'substantial question' of FECA coverage exists, federal district courts will not entertain claims under the FTCA.").

The Employees' Compensation Appeals Board of the Department of Labor has interpreted the phrase "sustained in the performance of duty," which defines when FECA applies, "to be the equivalent of the commonly found prerequisite in worker's compensation law of 'arising out of and in the course of employment.'" *White*, 143 F.3d at 235 (quoting *Anneliese Ross*, 42 E.C.A.B. 371, 373 (Empl. Comp. App. Bd. 1991)). The Board has explained that "[i]n the compensation field, to occur in the course of employment, in general, an injury must occur (1) at a time when the employee may reasonably be said to be engaged in his or her master's business; (2) at a place where he or she may reasonably be expected to be in connection with the employment; and (3) while he or she was reasonably fulfilling

6

the duties of his or her employment or engaged in doing something incidental thereto." *Id.* (citing *Ross*, 42 E.C.A.B. at 373; *Bradford N. Reed*, No. 04-1768, 2005 WL 857514, at *2 (Empl. Comp. App. Bd. 2005)).  Courts and the ECAB use a similar analysis of whether the employee's injury is sustained in the performance of duty: both ask whether there is a sufficient nexus between the injury and the employment to sustain FECA coverage. *White*, 143 F.3d at 235, *Bailey,* 451 F.2d at 966-67; *Ross,* 42 E.C.A.B. at 373-74.

A claim is within FECA's scope if there is a causal relationship between the employment itself, or the conditions under which it is to be performed, and the injury. *See Wright v. United States*, 717 F.2d 254, 260 (6th Cir. 1983).  The injury must occur when an employee is engaged in activities that are at least incidental to the employment and its responsibilities to be under FECA.  *M.P.*, No. 06-1168, 2006 WL 3544454, at *3 (Empl. Comp. App. Bd. 2006).  Even though an employee's injury sustained while going to or coming from work is generally not covered under FECA, because the injury does not occur in the performance of duty, courts have created a premises exception that provides FECA coverage to an employee injured on the employer's premises while driving to and from work. *See White*, 143 F.3d at 235.  The premises rule is only one of a number of factors to be considered in deciding whether an injury is covered under FECA. *Bailey v. United States,* 451 F.2d 963, 966 (5th Cir. 1971); *Avasthi v. United States*, 608 F.2d 1059, 1061 (5th Cir. 1979) (finding a substantial question as to FECA coverage for a federal employee injured when he slipped and fell on the outside steps of his employer's building while walking to his automobile at the end of his work shift).

7

### B.      The Privacy Act

The Privacy Act generally prohibits the unauthorized release by a government agency

of medical records.  5 U.S.C. § 552a (1996).  The Act states that "[n]o agency shall disclose

any record which is contained in a system of records by any means of communication to any

person, or to another agency, except pursuant to a written request by, or with the prior written

consent of, the individual to whom the record pertains."  *Id.* at § 552a(b).  The Privacy Act

allows the injured person to bring a civil action against the agency that failed to comply with

the law.  *Id.* at § 552a(g)(1)(D).  The Privacy Act provides that:

> (4) In any suit brought under the provisions of subsection
> (g)(1)(C) or (D) of this section in which the court determines
> that the agency acted in a manner which was intentional or
> willful, the United States shall be liable to the individual in an
> amount equal to the sum of-
>> (A) actual damages sustained by the individual as
>> a result of the refusal or failure, but in no case
>> shall a person entitled to recovery receive less
>> than the sum of $1,000; and
>> (B) the costs of the action together with
>> reasonable attorney fees as determined by the
>> court.

5 U.S.C. § 552a(g)(1)(4).  *See Jacobs*, 423 F.3d at 516 (citing *Quinn v. Stone*, 978 F.2d 126,

131 (3d Cir. 1992)); *see also Doe v. Chao*, 540 U.S. 614 (2004) (holding that the statute

guarantees $1,000 only to plaintiffs who have suffered some actual damages).

To maintain a damages claim under subsection (g)(1)(D) for a violation of the Privacy

Act's central prohibition against disclosure, a plaintiff must show four elements:  (1) the

information is covered by the Act as a "record" contained in a "system of records"; (2) the

8

agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff (an element with two components: (a) an adverse-effect standing requirement; and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was willful or intentional. *See Quinn v. Stone*, 978 F.2d at 131. An adverse effect is shown by cognizable injury and a causal nexus between the injury and the violation of the Privacy Act. *See Sweeney v. Chertoff*, 178 Fed. Appx. 354, 358 (5th Cir. 2006) (when the plaintiff's loss of pay was caused by his suspension, which in turn may have resulted from the agency's Privacy Act violations, "such a hypothetical counterfactual situation [was] not sufficient to meet the causation requirement"). The required causal link between the injury and the Privacy Act violation means that there must be an injury distinct from the violation of the Act itself. Emotional trauma, which can take the form of embarrassment or and emotional anguish, may be a cognizable injury. *See Albright v. United States*, 732 F.2d 181, 186 (D.C. Cir. 1984); *Quinn v. Stone*, 978 F.2d at 135-36; *Pippinger*, 129 F.3d at 528; *Parks v. United States IRS*, 618 F.2d 677, 682-83 (10th Cir. 1980).

## III.   Analysis

### A.   The Issue

The parties' dispute centers on whether Smith's Privacy Act damages claim is within FECA's scope. The defendant argues that Smith's own allegations and evidence show that he was injured at the workplace, where the disclosure of his medical records occurred and as a result he became the subject of malicious rumors and gossip spread by his coworkers. Smith responds that the unauthorized release of his medical records was unrelated to the

performance of his job at the VA hospital because the release occurred while he was a patient in, rather than an employee working at, the hospital.

The threshold issue is whether there is a substantial question as to FECA coverage. If there is, this court must deny the motion to dismiss and abate the case until the Secretary of Labor decides whether the claim is covered by FECA.  "To avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of [the plaintiff's] claim." *White*, 143 F.3d at 234 (citing *Concordia*, 581 F.2d at 442; *Bailey*, 451 F.2d at 967).  "Only if we are certain that the Secretary of Labor would conclude that the employee's injuries do not present a substantial question of coverage under FECA may we entertain the employee's FTCA claim without the employee first submitting the claim to the Secretary of Labor." *White*, 143 F.3d at 234 (citing *Bailey*, 451 F.2d at 965).

### B.    The Privacy Act Violation and Injury

The defendant's primary argument is that Smith himself alleged and provided affidavits stating that he suffered injury at his workplace because the release of his medical records was at his workplace and he was injured by rumors circulating among his coworkers as a result of that release.  Smith's primary response is that the release occurred while he was a patient, not an employee.  Two reported cases provide guidance.  In *Wright v. United States*, 717 F.2d 254, 260 (6th Cir. 1983), the plaintiff, like Smith, was both an employee and a patient at a VA hospital.  The plaintiff alleged that the physicians at the VA Hospital had performed surgery negligently, resulting in physical harm.  *Id.*  at 256.  The district court

found that FECA applied and dismissed the tort suit under FECA's exclusive remedy provision. The Sixth Circuit reversed the district court.

In *Wright*, as in the present case, the plaintiff was performing her duties as an employee of the VA hospital when she became ill and was treated at the same hospital. *Wright,* 717 F.2d at 255.  In *Wright*, as in the present case, the plaintiff argued that the injury suffered resulted from the fact that she was a patient of the hospital, not an employee.  In refusing to find a substantial question of FECA coverage, the Sixth Circuit reasoned that a causal relationship between one's employment and the alleged injury cannot be established based solely on the fact that the allegedly tortious conduct took place on the employer's premises.  *Id.*  at 257.  The fact that the sickness for which the plaintiff was treated manifested itself while she was on duty was not a sufficient relationship to the employee's job performance to establish coverage under FECA.  *Id.*  at 258.  The court noted that the plaintiff could have obtained medical care at any number of locations; it was merely a coincidence that she was treated at the same hospital where she worked.  *Id.*  The alleged injury resulted from the fact that she was treated as a patient, not from the fact that she was working as an employee.  *Id.* (stating that the alleged injury from the surgery was not an expected consequence of the employee's secretarial position); *see also Wallace v. United States*, 669 F.2d 947, 954 (4th Cir. 1982) (holding that the plaintiff's alleged injuries from a flu shot were clearly not compensable under FECA simply because he received the shot on the premises of his federal employer); *DeFilippo v. United States,* 1998 WL 846120, at *2 (S.D.N.Y. 1998) (finding no FECA coverage in a case involving an employee's allegations

11

that she tripped and fell during a walk she decided to take on the employer's campus after she had left work, returned home, and then gone back to walk).

As in *Wright*, the fact that Smith happened to work at the same hospital where he received medical treatment and where the alleged Privacy Act violation occurred is not enough to bring the statutory claim within FECA. However, this case is distinguishable from *Wright* in that Smith also alleged that he suffered personal injury at his job, when he returned to work, because his coworkers spread rumors about the information contained in his medical records. This allegation of injury from the unauthorized release of medical records at the workplace is similar to the second of the two cases.

In *Tippetts v. United States*, 308 F.3d 1091 (10th Cir. 2002), the Postal Service investigated the plaintiff employee's medical records related to his worker's compensation claim. Postal Service personnel incorrectly reported the contents of his medical records. The plaintiff was placed on administrative leave but was not told why. The plaintiff alleged that while he was on administrative leave, Postal Service employees revealed incorrect and damaging information about his medical conditions to his coworkers. The plaintiff sued under the Federal Tort Claim Act for emotional distress and financial loss because of the Postal Service's invasion of his privacy. *Id.* at 1093. Although the alleged release of private medical information did not occur while the plaintiff was working at his Postal Service job, the appellate court found a substantial question as to whether "an injury occurred during the employee's performance of his duty." *Id.* at 1095. The court ordered the district court to abate the case pending administrative review. *Id.*

12

A Privacy Act claim requires a showing of both unauthorized disclosure and adverse effect or injury.  Smith alleged and provided summary judgment evidence that he suffered physical and mental injury in his job from the unauthorized release of his medical records, because his medical condition "became the subject of malicious workers among his coworkers and such rumors were floating around the workplace." (Docket Entry No. 1 at 5). Like the plaintiff in *Tippetts*, and unlike the plaintiff in *Wright*, Smith alleged that he suffered injury at the workplace as a result of the unauthorized release of medical records by and to his coworkers.  The unauthorized release of the medical records occurred while Smith was treated rather than working at the hospital, which was insufficient to bring the claim under FECA in *Wright*.  But Smith also alleged and provided evidence that he suffered injury at work from the unauthorized release of the medical records.  In *Tippetts*, a similar claim was sufficient to require administrative determination as to whether FECA applied.  As in *Tippetts*, there is a substantial question as to whether Smith's injury occurred "in the performance of his duty" as a hospital employee.

Under *White v. United States*, this court finds a substantial question as to FECA coverage.  The motion to dismiss is denied, but the case is abated and administratively closed pending the Secretary of Labor's determination of FECA coverage.

## IV.    Conclusion

The defendant's motion to dismiss is denied.  This case is abated in order to permit a determination of FECA coverage by the Secretary of Labor.  This case is administratively

closed pending that determination.  The parties must notify this court and seek reinstatement

or dismissal within ten days of the Secretary's determination.

SIGNED on May 15, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

14