# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOHNNY JERMAINE SMITH, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-06-1640 |
| | § |
| JIM NICHOLSON, United States | § |
| Secretary of Veterans Affairs, and | § |
| HOUSTON VA MEDICAL CENTER, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Johnny Jermaine Smith worked for the Department of Veterans Affairs at the Houston Veterans Administration Medical Center at the Michael DeBakey Medical Center Hospital. He sued his former employer under the Privacy Act, 5 U.S.C. § § 552a, *et seq*. On March 16, 2006, Smith was hospitalized for mental health issues and treated at the same Medical Center VA hospital where he and his wife worked. Smith was released on March 21, 2006 and went back to work on March 27, 2006. In this suit, Smith alleged that on March 20, 2006, his wife overheard two women at the hospital talking about Smith's medical condition. Smith alleged that information from his medical records was released at his workplace, resulting in malicious rumors and physical and mental injuries, including "distress, shame, embarrassment, loss of pride, loss of enjoyment of life and emotional trauma." (Docket Entry No. 1 at 5). Smith sought damages under the Privacy Act and an injunction against future unauthorized release of his confidential medical information.

The defendants moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Smith was limited to a claim under the Federal Employee's Compensation Act (FECA), 5 U.S.C. § 8101, *et seq*. (Docket Entry No. 11). On May 15, 2007, this court denied the motion to dismiss but abated the case to permit a determination by the Department of Labor of whether the FECA applied to Smith's claim, precluding the Privacy Act claim in this court. (Docket Entry No. 17).

On May 23, 2007, Smith filed a "request for clarification." (Docket Entry No. 19). Smith attached documents showing that on May 15, 2006, he had filed an application for benefits under the FECA arising out of what appears to be the same incident he alleged in this case, that his supervisors and coworkers disclosed his mental health diagnosis to other coworkers. (Docket Entry No. 19, Ex. 1). On July 5, 2006, the Secretary of Labor issued a written determination denying Smith the FECA benefits he sought. (*Id*. at 2–4). However, the Secretary did not make a determination as to whether Smith's claim was covered by the FECA. Instead, the Secretary rejected Smith's benefits claim on the basis that he had failed to support his allegations with "probative and reliable evidence." (*Id*. at 3). The Secretary found that the incident Smith alleged "did not occur"; that Smith's allegations were "not substantiated" or "supported by specific, substantive, or probative evidence"; that there was no "independent evidence corroborating these allegations"; and that Smith had not "established a factual basis for [his] claim." (*Id*.). The Secretary denied the FECA claim because "the evidence fails to establish that you have sustained an emotional condition as alleged." (*Id*.).

The decision was accompanied by a statement of Smith's appellate rights under the FECA. The statement informed Smith that he could request either an oral hearing or a review of the written record; reconsideration; or review by the Employees' Compensation Appeals Board (ECAB). A request for a hearing or reconsideration included a right to further administrative review. (*Id*. at 4).

When Smith filed his Privacy Act lawsuit in this court, he did not mention the fact that he had already filed a claim for FECA benefits. When the defendants moved to dismiss on the basis that the FECA provided an exclusive remedy for the damages Smith claimed, Smith disputed that the FECA applied. He again failed to mention the fact that he had already filed a claim for FECA benefits, asserting FECA coverage.

In this motion for clarification, Smith asks whether the Secretary's decision denying his claim for FECA benefits is sufficient for him to return to court to pursue his Privacy Act claim. (Docket Entry No. 19 at 2). It is not. Smith does not have a determination from the Secretary that would enable him to pursue a Privacy Act damages claim. While Smith characterizes the Secretary's decision as "deny[ing] FECA coverage," (Docket Entry No. 21 at 1), the decision—which Smith had the right to appeal—was that Smith did not show a basis for recovery under the FECA. Smith does not have a decision that the FECA did not cover the claim he asserted.

The FECA is the exclusive remedy for a federal employee's damages claim for injuries if those injuries are within the statute's coverage. 5 U.S.C. § 8116(c); *see Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000); *White v. United States*, 143 F.3d 232, 234 (5th

Cir. 1998). Like other worker's compensation statutes, the FECA is "intended to serve as a substitute rather than a supplement for the tort suit." *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971). A federal court lacks subject-matter jurisdiction over claims covered by the FECA. *See* 5 U.S.C. § 8128(b); *see also Heilman v. United States*, 731 F.2d 1104, 1110 (3d Cir.1984); *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir.1982).

By filing a claim for FECA benefits, Smith asserted that the damages he claims for emotional injuries resulting from an allegedly improper disclosure of his mental health information were within FECA's scope. The Secretary of Labor did not challenge whether Smith's claim was within FECA's scope. Rather, the Secretary determined that Smith's evidence did not show that he had sustained the emotional condition he alleged. The Secretary also determined that the incident Smith alleged—that supervisors and coworkers gave out his mental health diagnosis to other coworkers—"did not occur." The Secretary found that Smith had failed to support his allegations with "specific, substantive, or probative" evidence. The Secretary denied Smith's claims for FECA benefits on the merits. The Secretary did not determine that Smith's claims were outside FECA's coverage.

The information Smith has submitted as to the Secretary's decision rejecting his FECA claim does not entitle Smith to reinstate his damages claim under the Privacy Act. The motion for clarification is denied. (Docket Entry No. 19).

SIGNED on August 16, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

4