IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNNY JERMAINE SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-1640 |
| § | |
| JIM NICHOLSON, United States § | |
| Secretary of Veterans Affairs, and § | |
| HOUSTON VA MEDICAL CENTER, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

**I.     Background**

Johnny Jermaine Smith worked for the Department of Veterans Affairs at the Houston Veterans Administration Medical Center at the Michael DeBakey Medical Center Hospital. He sued his former employer under the Privacy Act, 5 U.S.C. § 552a, *et seq*. This suit arises from his hospitalization and treatment at the same hospital where he and his wife worked. In this suit, Smith alleged that information from his medical records was released at his workplace, resulting in malicious rumors and physical and mental injuries, and sought damages and an injunction against future unauthorized release of his confidential medical information.

The defendants moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Smith was limited to a claim under the Federal Employee's

Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.* (Docket Entry No. 11). On May 15, 2007, this court denied the motion to dismiss but abated the case to permit a determination by the Department of Labor as to whether FECA precluded the Privacy Act claim in this court. (Docket Entry No. 17).

On May 23, 2007, Smith filed a "request for clarification." (Docket Entry No. 19). He attached documents showing that on May 22, 2006, ten days after he filed this Privacy Act suit, he had filed an application for benefits under FECA arising out of the same incident alleged in this case.[1] (*Id.*, Ex. 1). The documents showed that on July 5, 2006, the Secretary of Labor ("the Secretary") had issued a written determination denying Smith the FECA benefits he sought on the basis that he had failed to support his allegations with "probative and reliable evidence." (*Id.*, Ex. 1). The Secretary denied the FECA claim because "the evidence fails to establish that you have sustained an emotional condition as alleged." (*Id.*, Ex. 1). The decision was accompanied by a statement advising Smith of his right to appeal the FECA benefit denial. (*Id.*, Ex. 1). Smith asked this court to "clarify" that the Secretary's decision denied FECA coverage. (*See* Docket Entry No. 19 at 2).

On August 16, 2007, this court denied Smith's "request for clarification," finding that the Secretary's decision denying Smith's claim for FECA benefits did not deny coverage so that Smith could pursue his Privacy Act claim in court. (Docket Entry No. 22). The

---

[1] Smith had failed to disclose in his complaint in this action and in his opposition to the defendants' motion to dismiss that he had already filed a claim for FECA benefits.

Secretary's decision—which Smith had not appealed—was that Smith did not show a basis for recovery under FECA, not a decision that FECA did not cover his claim. (*Id.* at 3).

Smith then filed this motion for reconsideration of the order denying his request for clarification. (Docket Entry No. 24). Alternatively, Smith asked for certification for interlocutory appeal under 28 U.S.C. § 1292(b). (*Id.* at 10–11). Smith argues that he was ill-advised as to the application of FECA and the Privacy Act to his claims. (*Id.* at 2). Smith also argues that FECA compensates for harm to an employee performing assigned duties, while the Privacy Act compensates for harm from unauthorized release of personal information. (*See id.* at 3, 5). As he asserted in his opposition to the motion to dismiss, Smith argues that the alleged harm occurred outside the scope of his employment at the hospital. (*See id.* at 4, 6). Smith also attempts to distinguish a case cited by this court in its May 15, 2007 memorandum and order, *Tippets v. United States*, 308 F.3d 1091 (10th Cir. 2002), by arguing that *Tippets* involved disclosure of false medical information, while the disclosure at issue here involved true personal medical information. (*Id.* at 9).

The defendants oppose Smith's motion for reconsideration. (Docket Entry No. 26). The defendants argue that Smith has not presented any newly discovered evidence, the court has not committed "clear error," there has been no intervening change in controlling law, and there are no other unusual circumstances warranting reconsideration of this court's order denying Smith's motion for clarification. (*Id.* at 1). The defendants attach a document from the U.S. Department of Labor dated September 11, 2007, stating that Smith did not appeal

3

from the July 5, 2006 denial of FECA benefits, (*id*., Ex. 1), making that decision final and Smith's claims in this case moot. (*Id.* at 3–4).

## II. Analysis

As explained in further detail in this court's May 15, 2007 and August 16, 2007 memoranda and orders, FECA is the exclusive remedy for a federal employee's damages claim for injuries if those injuries are within the statute's coverage. 5 U.S.C. § 8116(c); *see Bennett v. Barnett*, 210 F.3d 272, 276–77 (5th Cir. 2000); *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998). Like other workers' compensation statutes, FECA is "intended to serve as a substitute rather than a supplement for the tort suit." *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971), *receded from on other grounds by White v. United States*, 143 F.3d 232 (5th Cir. 1998). A federal court lacks subject-matter jurisdiction over claims covered by FECA. *See* 5 U.S.C. § 8128(b) (stating that the Secretary's action is "final and conclusive" and not subject to review by a court); *see also Heilman v. United States*, 731 F.2d 1104, 1109–10 (3d Cir.1984); *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir. 1982).

As noted in this court's August 16, 2007 memorandum, by filing a claim for FECA benefits, Smith asserted that the damages he claims for emotional injuries resulting from an allegedly improper disclosure of his mental health information were within FECA's scope. (Docket Entry No. 22 at 4). The Secretary of Labor did not challenge whether Smith's claim was within FECA's scope, but instead determined that Smith's evidence did not show that he had sustained the emotional condition he alleged. (*Id.*). As this court also noted, the Secretary determined that the incident Smith alleged—that supervisors and co-workers gave

out his mental health diagnosis to other co-workers—"did not occur." (*Id.*). The Secretary denied Smith's claims for FECA benefits on the merits and did not determine that Smith's claims were outside FECA's coverage. (*Id.*).

Smith's motion for reconsideration does not submit either argument or evidence disputing that the Secretary denied Smith's claim for benefits under FECA based on lack of evidence rather than based on lack of coverage by FECA.

Smith's assertion that he was "ill-advised" as to whether to file a claim under FECA or the Privacy Act is irrelevant. When Smith filed his FECA claim, the Secretary's determination assumed that FECA in fact applied to Smith's claim. FECA's remedy is exclusive. *See Heilman*, 731 F.2d at 1109. For the same reason, Smith's argument that FECA and the Privacy Act provide distinct remedies is unavailing; when FECA applies, it provides the exclusive remedy.

Smith's arguments that the incident was outside the scope of his employment are irrelevant. Smith asserted a claim under FECA, which was denied on the merits, preventing him from now arguing that his claim is outside FECA's scope. The distinction Smith draws between the facts in the *Tippets* case and the facts in this case does not affect the outcome, given the Secretary's denial of Smith's FECA claim on the merits.

The document attached to the defendants' opposition establishes that the decision by the Secretary denying benefits under FECA is now final because Smith failed to file a timely appeal. (*See* Docket Entry No. 26, Ex. 1). Smith does not have a decision from the Secretary that FECA does not apply to his claims because: (1) Smith filed a claim under FECA with

5

the U.S. Department of Labor; (2) the Secretary did not challenge the applicability of FECA to Smith's claim; (3) the Secretary issued a decision on the merits of Smith's claim under FECA; and (4) Smith did not appeal that decision.

The Secretary's decision is a determination that FECA did apply to Smith's claims but the claims were without merit. *See Bennett*, 210 F.3d at 277 (noting that the plaintiff's claim had been denied by the Secretary of Labor for lack of proof, and holding that "[b]y ruling on the sufficiency of the evidence, the Secretary thought coverage existed"). The Secretary's determination on the application of FECA is not open to judicial review. *See Scott v. United States Postal Serv.*, No. 05-0002, 2006 WL 2787832, at *4 (D.D.C. Sept. 26, 2006), *aff'd*, No. 06-5365, 2007 WL 4561153 (D.C. Cir. Nov. 27, 2007) (unreported). As a result, this court is without subject matter jurisdiction to entertain Smith's claims. *See Heilman*, 731 F.2d at 1109–10 ("[I]f a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action, since the United States has not otherwise waived its sovereign immunity to suit.") (citing *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973)); *see also Scott*, 2006 WL 2787832, at *4 (rejecting the plaintiff's theory that even if FECA covers a particular injury, the employee would be able to seek compensation for the same injury under the Privacy Act if the injury had multiple causes, and holding that "[i]f an *injury* is covered by FECA, the United States has no other liability to the employee for that injury") (emphasis in original) (citation omitted). If a claim is covered by FECA, the court lacks jurisdiction even if benefits are ultimately denied under FECA. *See Scott*, 2006 WL 2787832, at *4 (finding that if an employee has alleged an injury covered by FECA, then

"FECA is the employee's only route to compensation for that injury," and holding that even though the plaintiff "was ultimately denied compensation under FECA based on a lack of competent medical evidence, that is immaterial to the issue of the Court's jurisdiction") (citing *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006)).

Smith has not provided a valid reason for this court to revise its order denying Smith's previous motion for clarification. Instead, Smith's failure to appeal the Secretary's determination denying benefits under FECA makes the Secretary's determination on the merits final and precludes Smith from reinstating his damages claim under the Privacy Act. The motion for reconsideration is denied. Because this court does not have jurisdiction to hear Smith's claim under the Privacy Act, this action is dismissed.

Smith's alternative request for certification for interlocutory appeal is denied as moot. Final judgment will be entered by separate order.

SIGNED on January 18, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge